UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA R. NEWELL, <br><br>            Plaintiff, <br><br>     v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br>            Defendant. | Case No. 3:09-cv-5750-BHS-KLS <br><br> REPORT AND RECOMMENDATION <br><br> Noted for April 29, 2011 |

This matter is before the Court on plaintiff's filing of a motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). After reviewing plaintiff's motion, defendant's response to that motion, plaintiff's reply thereto, and the remainder of the record, the undersigned submits the following Report and Recommendation for the Court's review.

FACTUAL AND PROCEDURAL HISTORY

On March 22, 2010, plaintiff filed her opening brief in this matter. <u>See</u> ECF #14. On April 19, 2010, defendant filed his response brief (<u>see</u> ECF #16), and on May 3, 2010, plaintiff filed her reply brief (<u>see</u> ECF #17). On May 7, 2010, defendant filed an amended motion for leave to file a surreply (<u>see</u> ECF #19), to which plaintiff responded on May 19, 2010 (<u>see</u> ECF

REPORT AND RECOMMENDATION - 1

#20). On May 28, 2010, the undersigned issued an order striking defendant's motion, explaining that the question of whether defendant's surreply would be accepted, would be dealt with in the Report and Recommendation to be issued addressing the merits of the case, along with the other issues raised in the parties' briefing. See ECF #21.

On December 2, 2010, the undersigned issued a Report and Recommendation, finding that the filing of defendant's surreply was unnecessary and thus the substance of the arguments contained therein and in plaintiff's response thereto would not be considered, except with respect to whether plaintiff had properly presented her argument concerning re-opening in her opening brief, which the undersigned found had not been done. See ECF #22, p. 1. The undersigned also found the administrative law judge ("ALJ") erred in determining plaintiff to be not disabled. See ECF #22. Specifically, the ALJ erred in finding plaintiff's asthma was a non-severe impairment, in finding she could return to her past relevant work and in finding she could perform other jobs existing in significant numbers in the national economy. See id. Because of the ALJ's errors, the undersigned recommended the Court remand the matter for further administrative proceedings in accordance with the undersigned's findings. See id.

On January 10, 2011, the Court adopted the Report and Recommendation. See ECF #23. Plaintiff now seeks an award of attorney's fees pursuant to the EAJA, which defendant opposes on the grounds that the fees being requested are not reasonable. Specifically, defendant argues plaintiff's counsel: (1) spent time on unnecessary tasks; (2) billed time in excessive increments; (3) did not properly document his time expenditures; and (4) improperly charged for clerical matters. See ECF #30. For the reasons set forth below, the undersigned finds that although an award of attorney's fees is warranted in this case, the attorney's fees award should be reduced to the extent noted herein.

REPORT AND RECOMMENDATION - 2

DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney's fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158 (1990). Defendant does not contest plaintiff's status as a prevailing party here, nor has he argued that his position in this case was substantially justified or that special circumstances exist making an award of attorney fees unjust.

Before awarding attorney's fees pursuant to the EAJA, the Court must determine whether the attorney fees being requested are "reasonable." Jean, 496 U.S. at 161; see also 28 U.S.C. § 2412(d)(1)(A) ("'fees and other expenses' includes . . . reasonable attorney fees"). The test to be used in determining what attorney fees are reasonable was set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983), which dealt with recovery of attorney's fees under 42 U.S.C. § 1988. That test "also is applicable to awards of fees under the EAJA." Sorenson v. Mink, 239 F.3d 1140, 1145 n.2 (citing Jean, 496 U.S. at 161 (stating once private litigant has met eligibility requirements for EAJA fees, district court's task of determining what fee is reasonable is essentially same as that described in Hensley)); see also Haworth v. State of Nevada, 56 F.3d 1048, 1051 (9th Cir. 1995)

REPORT AND RECOMMENDATION - 3

(noting case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting City of Burlington v. Dague, 505 U.S. 557, 562 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. To that end, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Id. "Where the documentation of hours is inadequate," though, the Court "may reduce the award accordingly." Id. The Court also "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and the prevailing party's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434.

"The product of reasonable hours times a reasonable rate," however, "does not end the inquiry." Id. Rather, the district court also must consider "the important factor of the 'results obtained.'" Id. That is, did the prevailing party "achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"[1] Id. The Supreme Court went on to state:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

---

[1] In some cases, the district court also may need to address the question of whether the prevailing party failed "to prevail on claims that were unrelated to the claims on which he succeeded." Id. This will be true where "distinctly different claims" are raised, and the "work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" Id. at 434-35. On the other hand, in those cases that involve "a common core of facts" or that "will be based on related legal theories," where the underlying "lawsuit cannot be viewed as a series of discrete claims," the district court instead "should focus on the significance of the overall relief obtained" by the prevailing party "in relation to the hours reasonably expended on the litigation." Id. at 435. This matter more resembles the latter situation in that, while plaintiff did not prevail on all the issues he raised, there is a common core of facts involved, and he achieved significant relief in the form of reversal of the ALJ's non-disability determination.

REPORT AND RECOMMENDATION - 4

Id. Even so, as noted above, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. at 437.

The district court "has discretion in determining the amount of a fee award." Id.; see also Oklahoma Aerotronics, Inc. v. United States, 943 F.2d 1344, 1347 (D.C. Cir. 1991) (decision on how much to trim from claim for fees is committed to district court's discretion) (citing Pierce v. Underwood, 487 U.S. 552, 571 (1988)). However, the district court must "provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437. Decisions from other district courts concerning the reasonableness of the number of attorney's fee hours charged to the government provide some guidance.[2]

The determination as to which hours were reasonably expended, however, "must be made in the context of the specific case," and "what is reasonable in one case may be unreasonable in another." Bunn, 637 F.Supp. at 469-70 (reasonableness depends on complexity of case, number of reasonable strategies pursued, and responses necessitated by opponent's tactics) (citing Ramos v. Lamm, 713 F.2d 546, 554 (10th Cir. 1983)). In addition, the district court "must 'weigh the hours claimed against [its] own knowledge, experience, and expertise of the time required to complete similar activities.'" Id. at 470 (quoting Johnson v. Georia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974)).

Where the issues addressed in the prevailing party's briefs "were complex, of some considerable length, or the law was in flux," a significant "expenditure of time might well be justified." Id.; see also Patterson, 99 F.Supp.2d at 1213 (finding that presentation of plaintiff's

---

[2] For example, some decisions indicate that for social security cases, "compensated hours generally range from" 20 to 40. DiGennaro v. Bowen, 666 F.Supp. 426, 433 (E.D.N.Y. 1987); Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 and n.2 (C.D. Cal. 2000) (finding 33.75 hours claimed to be spent reasonable and noting in general approved range of between 20 and 46 hours for services performed before district court); Bunn v. Bowen, 637 F.Supp. 464, 470 (E.D.N.C. 1986) (stating that never before had 51 hours of compensable time been claimed before it in social security cases). In contrast, the District Court for the Eastern District of Wisconsin has awarded EAJA attorney's fees based on hours claimed in the range of 38 to 67. Wirth v. Barnhart, 325 F.Supp.2d 911, 914 (E.D. Wis. 2004).

REPORT AND RECOMMENDATION - 5

claims required significantly more factual development and legal analysis than was required at administrative level and that case raised some issues that were not routine); DiGennaro, 666 F.Supp. at 433 (stating district court may adjust fee based on novelty and difficulty of questions considered). One district court also has noted that "[s]ocial security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Patterson, 99 F.Supp.2d at 1213.

Other "special factors" also may "justify granting an award for a greater than average number of hours." DiGennaro, 666 F.Supp. at 433 (noting, for example, that nature of plaintiff's disability in that case required additional time for telephone communications, that counsel were brought in only at district court level years after claim was instituted on pro se basis requiring review of numerous documents and transcripts, and that counsel needed to reconstruct and supplement medical evidence from examinations conducted eight years earlier due to ALJ's failure to do so). The undersigned does agree with defendant that there was nothing necessarily complex or unique about the issues in this case, and that since plaintiff's counsel has limited his legal practice to Social Security disability claims, this is a factor to consider.

Nevertheless, the undersigned disagrees with defendant that the 49.75 hours set forth in the itemized billing statement submitted with plaintiff's motion for EAJA fess is not reasonable, just because it is in excess of the 20 to 40 hour range noted above. Defendant also argues that because the Court found that plaintiff improperly raised the issue of re-opening in her reply brief, and that no *de facto* re-opening had actually occurred, the efforts made by plaintiff in her reply brief and response to the motion for leave to file a surreply did not enhance the results plaintiff ultimately obtained from this litigation. Accordingly, defendant argues attorney's fees requested for time spent with respect to those documents should be deducted.

REPORT AND RECOMMENDATION - 6

In support of his argument here, defendant relies on <u>Atkins v. Apfel</u>, 154 F.3d 986 (9th Cir. 1998), in which the Ninth Circuit denied a request for attorney's fees for appellate work that was unsuccessful, noting that "'fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation.'" <u>Id.</u> at 990 (quoting <u>Jean</u>, 496 U.S. at 163 n.10). The Court of Appeals, however, also recognized that "[t]here will be situations where a 'prevailing party' should be fully compensated for the fees and expenses associated with an appeal that did not lead to any further benefit." <u>Id.</u> at 989 n.1. "For example, if *the government* appealed a case and the plaintiff *was required to defend* a district court victory, the plaintiff, of course, would be entitled to fees for the appeal." <u>Id.</u> (emphasis added).

In this case, while it is true, as noted above, that plaintiff did not properly raise the issue of re-opening – and thus should be denied attorney's fees for any time plaintiff's counsel spent on that issue with respect to both the reply brief itself and the response to defendant's motion to file a surreply – it was not unreasonable for plaintiff's counsel to spend time addressing the other arguments made in defendant's response brief and motion. Indeed, as plaintiff notes, "failure to file the documents in question," at least with respect to those issues, likely "would have been an unreasonable, contemporaneous, strategic error that may have jeopardized Plaintiff's ability to obtain the relief that was ultimately granted by the Court." ECF #28, p. 2.

Nevertheless, as just discussed, a certain amount of time spent working on the documents in question here should be deducted in light of plaintiff's failure to properly raise the re-opening issue. Both the original itemized billing statement submitted with the motion for EAJA fees and the amended statement plaintiff also has submitted, show that plaintiff's counsel spent a total of 11.5 hours preparing the reply brief and a further 9.25 hours preparing the response to the motion to file a surreply. <u>See</u> ECF #25-3, #28-1. After reviewing those documents and the parts thereof

REPORT AND RECOMMENDATION - 7

devoted to the re-opening issue, the undersigned has determined that the time spent on the reply brief should be reduced by 0.5 hours to 11.0 hours, and that spent on the response to the motion to file the surreply should be reduced by 3.0 hours to 6.25 hours.

Defendant next argues it was not proper for plaintiff's counsel to bill in quarter-hour time increments, noting one district court had indicated it was "somewhat troubled" by the practice of counsel billing in such increments, "rather than the more traditional tenth of an hour increments." Edwards v. National Business Factors, Inc., 897 F.Supp. 458, 461 (D. Nev. 1995). Defendant, though, cites no legal authority actually requiring attorney's fees to be billed in tenth of an hour increments. It is true that "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing Hensley, 461 U.S. at 433, 437; see also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1121 (9th Cir. 2000).

On the other hand, the fee applicant "'is not required to record in great detail how each minute of his time was expended.'" Fischer, 214 F.3d at 1121 (quoting Hensley, 461 U.S. at 437 n.12). Defendant argues billing in quarter-hour increments results in an overstatement of the hours worked, and thus is not reasonable. But other than the reference to the district's court's stated concern in Edwards noted above, defendant has come forth with no evidence that this is true in every case, let alone shown such actually has occurred here, other than in regard to the claimed 0.25 hours spent each on reviewing the undersigned's order striking the motion to file a surreply and the Court's order and judgment. See ECF #25-1, #28-1. With respect to those two items, the undersigned agrees it should not have required plaintiff's counsel 15 minutes to review "the file to put [them] into context," given their short length and the clear nature of the findings contained therein. ECF #28, p. 3; see also ECF #21, #23-#24. Rather, the undersigned finds that

REPORT AND RECOMMENDATION - 8

a total of 0.25 hours combined is an appropriate amount for such review.

Defendant argues as well that plaintiff's counsel has improperly engaged in block billing, noting the Court of Appeals for the Federal Circuit found that many of the fee applicant's time records provided in one case lumped "together multiple tasks, making it impossible to evaluate their reasonableness." Role Models America, Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004). But the undersigned finds no such impossibility is present here. As just noted, plaintiff's counsel "'is not required to record in great detail how each minute of his time was expended.'" Fischer, 214 F.3d at 1121 (quoting Hensley, 461 U.S. at 437 n.12). Rather, plaintiff's "counsel can meet his burden – although just barely – by simply listing his hours and 'identify[ing] the general subject matter of his time expenditures.'" Id. (citation omitted).

The undersigned finds plaintiff's counsel did so in regard to both of the itemized billing statements he submitted. See ECF #25-3, #28-1. Indeed, other than the mere fact that plaintiff's counsel used block billing in those statements, defendant fails to explain why it is not possible to determine from that method of billing the reasonableness of the time plaintiff's counsel stated was spent performing the tasks listed therein. See Gates, 987 F.2d at 1397-98 (party opposing fee amount must submit evidence challenging accuracy and reasonableness of hours requested). In addition, the undersigned – based on her "own knowledge, experience, and expertise of the time required to complete similar activities," – finds that other than with respect to those specific instances noted elsewhere herein, the hours claimed for the tasks performed as set forth in the itemized billing statements were not wholly unreasonable. See Bunn, 637 F.Supp. at 470 ((quoting Johnson, 488 F.2d at 717). Accordingly, the undersigned declines to reduce the hours claimed on this basis.

Lastly, defendant argues plaintiff's counsel has improperly billed for clerical matters. In

REPORT AND RECOMMENDATION - 9

particular, defendant takes issue with the 3.0 hours spent by plaintiff's counsel on December 3, 2009, receiving paperwork from plaintiff, drafting the complaint, completing the summons and civil cover sheet, and emailing initial paperwork to and receiving a return email from the Clerk, and another 0.5 hours spent by him on December 15, 2009, mailing three copies of the complaint and summons. See ECF #25-3.  Plaintiff concedes that the time spent mailing the copies of the complaint and summons was a clerical item that should not have been billed, and accordingly that item is no longer being claimed. See ECF #28-1.  Further, given that receiving paperwork from plaintiff and emailing initial paperwork to and receiving a return email from the Clerk also are similarly clerical in nature, the undersigned finds another 0.5 hours should be deducted from the time claimed for December 3, 2009.

Accordingly, the undersigned finds the number of hours claimed on the original itemized billing statement should be reduced by a total of 4.75 (3.0 + 0.5 + 0.25 + 0.5 + 0.5) hours, which results in a reduction of total hours from the original 49.75 requested down to 45.50.  In addition, plaintiff requests a total of 1.75 hours for drafting and filing her motion for EAJA attorney's fees, which is included as part of the original itemized billing statement (see ECF #25-3), and an additional 2.5 hours for drafting and filing her reply to defendant's objections to that motion (see ECF #28-1).  Plaintiff is entitled to the full amount of attorney's fees incurred by her in litigating the attorney's fees issue. See Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991) ("[U]nder the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position lacks substantial justification."); see also Real Property Known as 22249 Dolorosa Street, 190 F.3d at 985.  The amount of time being requested here again is not unreasonable, and thus it should be granted in

REPORT AND RECOMMENDATION - 10

full.  Accordingly, the total amount of attorney's fees plaintiff should be awarded is $8,301.25.[3]

CONCLUSION

Based on the foregoing discussion, the Court should grant plaintiff's request for EAJA attorney's fees in the amount of $8,301.25.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **April 29, 2011**, as noted in the caption.

DATED this 13th day of April, 2011.

Karen L. Strombom
United States Magistrate Judge

---

[3] Plaintiff originally requested a total of $8,692.31 in attorney's fees for 49.75 hours of work done in 2009, 2010 and 2011. See ECF #25-2, p. 3.  Defendant has not challenged the billing rate used by plaintiff for those years.  As such, when the number of hours of work performed is reduced by that set forth above, the total amount of attorney's fees awarded is recalculated as follows: $8,692.31 - $828.71 ($86.12 ($172.24 x 0.5 (clerical matters)) - $86.12 ($172.24 x 0.5 (mailing of complaint and summons)) - $525.18 ($175.06 x 3.0 (preparing reply brief)) - $87.53 ($175.06 x 0.5 (preparing response to motion to file surreply)) - $43.76 ($175.06 x 0.25 (reviewing order denying motion for leave to file surreply and Court's order and judgment)) + $437.65 ($175.06 x 2.50 (drafting and filing reply to defendant's response to motion for EAJA attorney's fees) = $8,301.25.

REPORT AND RECOMMENDATION - 11